**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **VINCENT BALDWIN, ET AL.,**<br>Plaintiffs**,**<br>vs.<br>**OCWEN LOAN SERVICING, LLC,**<br>Defendant**.** | CASE NO. 18-cv-01483-YGR<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 4 |

On March 8, 2018, plaintiffs Vincent Baldwin and Angela Zhu filed an ex parte application for a temporary restraining order that would prevent the foreclosure sale of real property in which they claim interest, located at 2100 Arrowhead Dr., Oakland, California, 94611. (Dkt. No. 4 ("TRO Motion"); *see also* Dkt. No. 4-1 at 2 ("Memo ISO TRO Motion").) According to plaintiffs' TRO Motion, the foreclosure sale is scheduled for today, March 9, 2018, at 12:00 p.m. (Memo ISO TRO Motion at 3.)

There is no showing in plaintiffs' TRO Motion that explains why plaintiffs waited until—quite literally—the eve of the foreclosure sale to seek injunctive relief. The Complaint alleges that a Notice of Default was recorded nearly one year ago, on March 28, 2017, and a Notice of Trustee's Sale was recorded on July 13, 2017, which announced that the property would be subject to a Trustee's sale on August 18, 2017. (Dkt. No. 1 ¶¶ 19, 21; *see also* Dkt. No. 4-2 Exh. I.) Nowhere in the record is there any information pertaining to a revised Notice of Trustee's Sale that set the purported current sale date of today, March 9, 2018, and "the Court [is] unable to grant relief without a notice of sale or other documentation showing the trustee's sale of the Subject Property is scheduled to take place today." *Taimani v. Residential Mortg. Loan Trust 2013-TT2*, No. 16-cv-02992-YGR, 2016 WL 9175877, at *2 (N.D. Cal. June 7, 2016). California law requires that such notice of sale be given at least 20 days in advance of the sale. *See* Cal. Civ.

Code § 2924.8(a)(1). Plaintiffs do not allege there was any defect with that notice or explain why they waited until the last possible moment to attempt to block the sale. The Court hereby **DENIES** plaintiffs' TRO Motion.[1]

This Order terminates Docket Number 4.

**IT IS SO ORDERED.**

Dated: March 9, 2018

                                                 **YVONNE GONZALEZ ROGERS**
                                             **UNITED STATES DISTRICT COURT JUDGE**

---

[1] *See United States Forest Serv.*, No. 2:13-CV-02315-GEB-AC, 2013 WL 12174044, at *1 (E.D. Cal. Nov. 15, 2013) (declining to address substantive issues where plaintiff provided no explanation as to why he waited more than a month to file a TRO motion); *Ariel v. GMAC Mortg., LLC*, C 12-04201 SBA, 2012 WL 5373388, at *8 (N.D. Cal. Oct. 30, 2012) (where plaintiffs waited over three months after receiving a notice of default to file their complaint and TRO motion, their "unexplained and lengthy delay in seeking injunctive relief implie[d] a lack of urgency and irreparable harm and militate[d] against granting the relief requested").